

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 1, 1939

Hon. Chas. A. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-704
Re: When examining trial accounts are
presented to the county for payment
by precinct officials compensated
on a fee basis, from what fund should
they be paid?

Your request for an opinion on the above stated
question has been received by this office.

Section 6(a), Article 3912e, Revised Civil Statutes, reads as follows:

"In counties wherein the county officials
are on a salary basis, in addition to the
monies deposited in said Officers' Salary Fund
or funds under the provisions of Sections 1,
3 and 5 of this Act there shall be deposited
therein quarterly on the first day of January,
April, July and October of each year, such sums
as may be apportioned to such county under the
provisions of this Act, out of the available
appropriations made by the Legislature for such
purposes provided, however, that in counties
wherein the Commissioners' Court is authorized
to determine whether county officers shall be
compensated on a salary basis, no apportionment
shall be made to such county until the Comptroller
of Public accounts shall have been notified of
the order of the Commissioners' Court that the

county officers of such county shall be com-
pensated on a salary basis for the fiscal
year, and in that case the first quarterly
payment of such apportionment shall be made
in fifteen (15) days after receipt of such
notice by the comptroller, and the remaining
payments on the dates hereinabove prescribed.
It shall be the duty of the comptroller of
Public Accounts to annually apportion to all
counties in which the county officers are to
be compensated on the basis of a salary any
monies, appropriated for said year for such
apportionment; each county entitled to parti-
cipate in such apportionment shall receive
for the benefit of its Officers' Salary fund
or funds its proportionate part of the appro-
priation which shall be distributed among
the several counties entitled to participate
therein, on the basis of the per capita popu-
lation of each county according to the last
preceding Federal Census; provided that the
annual apportionment for such purposes shall
not exceed fourteen (14¢) cents per capita
of said population of each county where
county officers are compensated on a salary
basis under the provisions of this Act. Pro-
vided that in all counties which had a
population of less than sixty thousand (60,000)
inhabitants in 1930 according to the last
preceding Federal Census and which now have ad
valorem valuations for all purposes according
to the last approved tax roll of such county,
which have increased at least fifty (50) per
cent over the valuation for 1930, the amount
to be paid to each of said counties for its
salary fund shall be the sum not to exceed
twenty-five (25¢) cents per capita based on
the 1930 population. The quarterly payment of
such apportionment of such appropriation shall
be made on warrants drawn by the State Comp-
troller upon the State treasury payable to the
county treasurer of the county in whose favor

the apportionment is made and said warrants
shall be registered by the Comptroller and
the Treasurer and shall be mailed by the
Comptroller to the treasurer of the county."

Section 6(b), Article 3912e, reads as follows:

"No officer receiving a salary shall
hereafter receive any ex officio compen-
sation; provided, however, the Commission-
ers' Court shall transfer from the General
Fund of the county to the Officers' Salary
Fund or funds of such county such funds as
may be necessary to pay the salaries and other
claims chargeable against the same when the
monies deposited therein are insufficient to
meet the claims payable therefrom."

Section 6(e), Article 3912e, reads as follows:

"Any monies remaining in the Officers'
Salary Fund or funds of any county at the
end of any fiscal year after all salaries
and authorized expenses incurred against
said fund for said year shall have been
paid may be, by order of the Commissioners'
Court, transferred to the credit of the
General Fund of the county."

Section 6(a), Article 3912e, supra, and Section
13b, Article 3912e, Revised Civil Statutes provides for
the payment by the state in counties where the county
officials are on a salary basis its proportionate part
of the appropriation, to be distributed among the several
counties entitled to participate therein, on the basis
of the per capita population of each county according
to the last preceding Federal Census. We are informed
by the Comptroller's office and by your letter that in
Harrison County the county officials are compensated on
the salary basis, and the precinct officials are compen-
sated on the fee basis.

Section 17(a), Article 3912e, Revised Civil Statutes, reads as follows:

"The term 'Precinct Officers' as used in this Act means justices of the peace and constables.

"In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined otherwise in accordance with the provisions of Section 2 of this Act.

"In counties where the Commissioners' Court shall have determined that precinct officers shall be compensated on an annual salary basis, but wherein they have determined that county officers shall not be so compensated, the Officers' Salary Fund of said county shall be composed and made up of fees, commissions and other compensation collected by the precinct officers of such county and deposited in said fund, and such funds as may be transferred to said fund by the Commissioners' court of the county.

Section 17(b), Article 3912e, reads as follows:

"In counties where it shall have been determined that precinct officers shall be compensated on an annual salary basis it shall be the duty of the Commissioners' Court of such county to fix the salary allowed to such officers. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under laws existing

August 24, 1935.

"In counties in which precinct officers
are paid a salary as compensation for their
services, such officers desiring to appoint
one or more deputies or assistants shall make
application to the Commissioners' Court for
authority to appoint such deputy or deputies,
in the manner and form prescribed for appli-
cations for deputy county officers by Article
3902, Revised Civil Statutes 1925, as amended
within the provisions of this Act; the Com-
missioners' Court shall not authorize the
appointment of any deputy constable at a salary
exceeding Fifteen Hundred ($1500.00) Dollars
per year. The salaries of deputies authorized
to be appointed under the provisions of this
Section shall be paid out of the Officers'
Salary Fund.

"In counties where the county officers
named in this Act are compensated on the basis
of an annual salary, the State of Texas shall
not be charged with and shall not pay any fee
or commission to any precinct officer for any
services by him performed, but said officer
shall be paid by the County out of the Officers'
Salary Fund such fees and commissions as would
otherwise be paid him by the State for such
services."

Section 17(b), supra, specifically provides that
precinct officers in counties wherein the county officers
named in this act are compensated on the basis of an annual
salary, the state of Texas shall not be charged with and
shall not pay any fee or commission to any precinct offi-
cer for any services by him performed, but such officer
shall be paid by the county out of the Officers' Salary
Fund, such fees and commissions as would otherwise be paid
him by the State for such services.

You are respectfully advised that it is the opinion of this Department that the examining trial fees or accounts of predinct officers who are compensated on a fee basis in counties where the county officials are compensated on an annual salary basis such examining trial fees or accounts should be paid by the county out of the Officers' Salary Fund.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS